### IRA C. CLARK & another *vs.* ELI JONES & others.

If a debtor has conveyed land, by the intervention of a third person, to his wife, in fraud of creditors, and she has conveyed it to a purchaser, the assignees in insolvency of the debtor cannot maintain a bill in equity against such purchaser and the debtor's wife, to recover the premises from the former, in case the conveyance to him shall be found to have been fraudulent, or the proceeds of the sale from the latter, in case the conveyance shall be found to have been in good faith.

BILL IN EQUITY by the assignees of John A. Walker, an insolvent debtor. The bill alleged, in substance, that on the 5th of March 1861, Walker was seised and possessed, in his own right in fee simple, of the parcels of real estate therein described; that on the same day, he, being then insolvent, conveyed the premises to Joseph G. Russell, who immediately thereupon conveyed the same to Rhoda P. Walker, wife of said John; that afterwards the said John and Rhoda, by their deeds bearing date the 1st day of April 1861, but in fact executed on the 1st day of May then next ensuing, conveyed the same to the defendant Jones; that each of said conveyances was made for a mere nominal consideration, and that they were all made and accepted by said several parties as aforesaid with intent and design to secure the premises to the use of said John and Rhoda, and thereby to prevent the same from coming to his assignees, and thus to defraud his creditors. It was further set forth in the bill, that the defendants pretend that the premises were purchased by said Jones of said Rhoda in good faith, and that he actually paid her therefor the several sums expressed in the deeds to him, and that the plaintiffs, protesting that no such sums were in fact paid, nevertheless claim, that if it shall be made to appear that they were paid, and that the money is now in the hands and possession of said Rhoda, it is the proceeds of the real estate of said John fraudulently conveyed as aforesaid, and of right belongs to them.

The defendants demurred to the bill, assigning, as a cause of demurrer, that upon the case stated, the plaintiffs have a plain, adequate and complete remedy at law.

*A. Russ*, for the plaintiffs. In this case there are more than two parties, having distinct rights and interests, which cannot be justly and definitively decided and adjusted in one action at the common law. Gen. Sts. *c.* 113, § 2. *Hale* v. *Cushman*, 6 Met. 425. *Curtis* v. *Mansfield*, 11 Cush. 152. *Holmes* v. *Woodworth*, 6 Gray, 324. *Scovill* v. *Kinsley*, 13 Gray, 5. Bills may be framed with a double aspect. A prayer for relief may be in the alternative, and one or the other may be granted, as the court may decide. *McConnell* v. *McConnell*, 11 Verm. 290. *Colton* v. *Ross*, 2 Paige, 396. *Lloyd* v. *Brewster*, 4 Paige, 537, 541. *Gaines* v. *Chew*, 2 How. (U. S.) 619, 647. The exercise of equity powers is necessary to restrain sales by Jones, or the paying away of the money by Mrs. Walker.

*C. M. Ellis & E. Pearson*, for the defendants.

MERRICK, J. It is apparent that this bill has a double aspect. The plaintiffs seek to recover either possession of the premises against Jones, upon the ground that he was not a purchaser in good faith, having either participated in, or been cognizant of, the alleged fraud; or, if it shall appear that he purchased in good faith and for good consideration paid, then that they may recover the proceeds of the sale in the hands and possession of Mrs. Walker. These claims are perfectly distinct from each other. Only one of them can in any event be maintained. The plaintiffs do not pretend that they have any right to have both the land and the money. This is not, therefore, a case in which the statute affords relief in equity, where there are more than two persons, having distinct rights or interests which cannot be justly and definitively decided and adjudged in one action at the common law. Gen. Sts. *c.* 113, § 2. One judgment for the plaintiffs, whether it be against either Jones or Mrs. Walker, exhausts the whole conflict.

If the premises were conveyed to Mrs. Walker, indirectly, through the agency and intervention of Russell, by her husband, to defraud his creditors, and the conveyance was made in secret trust for his use and benefit, the proceeds of the land may be followed and reclaimed by his assignees, as far as they can be identified, into whatever form the property may be changed.

2 Story on Eq. § 1258. *Taylor* v. *Plumer*, 3 M. & S. 562. And the action at law may therefore, in the case stated, be maintained against her to recover the proceeds in her hands ; for her conveyance to Jones was a contract in reference to her separate estate, and she is liable to a suit in relation to all matters concerning it. Gen Sts. *c.* 108, § 3. And a judgment to that effect in favor of the plaintiffs would be conclusive upon all parties in reference to the whole matter in controversy concerning the alleged fraudulent conveyance.

The same result follows upon a recovery by the plaintiffs of a judgment for possession of the real estate against Jones. Their whole claim would thereupon be fully satisfied. Having made their election of remedies, and having succeeded in establishing their right to recover possession of the estate to which they claim title under the insolvent debtor, they would have no right to insist upon obtaining also the product of its sale. The successful prosecution of a writ of entry would afford a full and perfect remedy.

The real difficulty of the plaintiffs consists in their alleged inability to determine accurately, in advance of a legal investigation and trial, whether they can maintain an action against the one or the other of those parties, and does not exist because there is any complication in the claim of distinct rights and interests by more than one party which cannot be adjusted in a single suit at common law. In a contingency in which the claimants are subject to no other embarrassment than this, equity cannot afford relief. It is a difficulty which arises solely out of the uncertainty of the plaintiffs, in advance of the trial, in reference to the effect of the evidence which they may be able to produce upon it, and not at all as to the efficiency or completeness of the remedy which would be afforded by a suit at law.

But it is contended for the plaintiffs that they need and require the aid of a court of equity against Jones, to obtain an injunction restraining him from conveying the estate demanded to *bona fide* purchasers. But this is not requisite for their entire security. The commencement and prosecution of a writ of

entry to recover possession of the land is equally efficient to secure them against any subsequent conveyance which may be made by him, as a decree and writ of injunction. Ordinarily, the decree of a court binds only the parties and their privies or representatives in estate. But he who purchases during the pendency of a suit is bound by the decree that may be made against the person from whom he derives title. And therefore, where a purchase is made of property, actually in litigation, *pendente lite*, for a valuable consideration, and without any express or implied notice, the decree affects the purchaser in the same manner as if he had such notice, and he will accordingly be bound by the judgment in the suit. 1 Story on Eq. §§ 405, 406.

It results from these considerations that the demurrer must be sustained; and as it is sustained upon grounds which show that the bill can in no event be maintained, judgment must be entered that it be dismissed.